UNITED STATES of America,
Plaintiff–Appellee,

v.

VINH QUANG DUONG, aka Vincent
Duong, Defendant–Appellant.

No. 05–10533.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Oct. 25, 2006.

Douglas Sprague, Esq., Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Daniel Horowitz, Esq., Oakland, CA, Dennis P. Riordan, Esq., Riordan & Horgan, San Francisco, CA, for Defendant–Appellant.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

MEMORANDUM **

Vinh Duong appeals his conviction and sentence for one count of conspiracy to transport stolen goods in violation of 18 U.S.C. §§ 371 and 2314 and six counts of

---

* The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

transportation of stolen goods in violation of 18 U.S.C. § 2314. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Duong failed to raise before the district court any of the issues he now asserts in his appeal, the district court must be reviewed for plain error. *United States v. Alferahin,* 433 F.3d 1148, 1154 (9th Cir. 2006) (citing Fed.R.Crim.P. 52(b)). As Duong has not shown plain error, we affirm.

Duong opened a wholesale company that bought computer component parts, such as memory, computer chips and semi-conductors, and resold them at a profit. Duong contacted Sylvia Ogawa, an employee at the Guadalajara, Mexico plant of Sanmina–SCI ("Sanmina"), a contract manufacturing company which purchases parts from various suppliers in order to carry out manufacturing which has been outsourced to them. Sanmina would often purchase parts in excess of its needs, and then sell the excess inventory to other Sanmina plants or to outside buyers.

Duong asked Ogawa if she could sell him parts for prices much lower than those on her pricing list in exchange for payments made directly to her. Ogawa agreed to sell Duong the parts below the list prices in exchange for $7,000. Ogawa emailed the confidential pricing list to Duong, who then modified the document, listing the parts he wanted and the prices he wanted to pay for them.

Duong was indicted for one count of conspiracy to transport stolen goods in violation of 18 U.S.C. §§ 371 and 2314 ("Count One"), seven counts of transportation of stolen goods in violation of 18 U.S.C. § 2314 ("Counts 2–8"), and one count of making false statements in violation of 18 U.S.C. § 1001(a)(2) ("Count 9"). Duong argues that an alleged inconsistency between the charges in the indictment and the government's theory at closing argument amounted to plain error. Count One of the indictment charged:

(18 U.S.C. § 371—Conspiracy to Transport Stolen Goods) From in or about February 2002, through in or about May 2002, in the Northern District of California and elsewhere, the defendant, VINH DUONG (aka Vincent DUONG), did conspire with Sylvia Ogawa to cause goods, wares, and merchandise, of the value of at least $5,000, to be transported, transmitted, and transferred in interstate and foreign commerce, knowing the same to have been stolen, converted, and taken by fraud, and in furtherance of that conspiracy, Ogawa and defendant committed the following overt acts ...

The overt acts included behavior such as issuing checks and shipping individual parts, and the first listed act specifically referenced the bribe:

In or about March 2002, in a telephone conversation with Ogawa, DUONG offered Ogawa approximately $7,000 cash if Ogawa would sell Sanmina products to DUONG at prices that DUONG named.

Counts 2–8 of the indictment—the substantive counts—are very similar to each other, varying only in terms of dates and exact prices. As an example, Count Two stated:

Count Two: (18 U.S.C. § 2314—Transportation of Stolen Goods) On or about May 6, 2002, in the Northern District of California and elsewhere, the defendant, VINH DUONG (aka Vincent Duong), did knowingly cause goods, wares, and merchandise, of the value of at least $5,000, to be transported, transmitted, and transferred in interstate and foreign commerce, to wit, Part Nos. MWHN9008317–0005 and MWHN9009579–0003, reflected on Invoice No. 171503, with an approximate standard cost of $92,201, and a stated purchase price of $6,310, knowing the

same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

In its closing argument, the government characterized Duong's payments to Ogawa as bribes, stating, "[t]he government's conspiracy theory is that Vincent Duong bribed Sylvia Ogawa to ship him parts for a real [sic] low price," and "[s]imply put, Vincent Duong bribed Sylvia Ogawa by paying her $9,000 to ship him several hundred thousand dollars or a million dollars worth of parts."

■ Duong asserts that the government's discussion of "bribes" in its closing argument constructively amended the indictment to seek a verdict on a theory of "honest services fraud," a theory which was neither charged nor instructed. Under the "honest services fraud" theory, the government would have to show that Duong deprived Sanmina of Ogawa's honest services through his bribes, rather than the property fraud theory which was charged and instructed. Rather than describing a new legal theory, however, the references to the bribes explained Ogawa's motivation and Duong's participation in the scheme. There was ample evidence that Ogawa allowed Duong to alter the price list, which resulted in substantial losses to Ogawa's employer. The indictment, closing argument and jury charge were consistent and did not "alter[ ] [the crime] at trial." *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984) (holding that there was no constructive amendment where the indictment charged that one partner gave the defendant money and the evidence showed he took it from another partner); *see also United States v. Howick,* 263 F.3d 1056, 1064 (9th Cir.2001) (holding that there was no constructive amendment where court failed to instruct on an attempt element present in the indictment).

■ Duong next argues that the indictment and jury charge failed to include allegations and instructions on any "material misrepresentation or omission," which he asserts is a required element for property fraud. As the government has put forward evidence of price misrepresentation that was clearly material, any lack of reference to materiality in the indictment or jury charge does not meet the plain error standard of review. *See United States v. Sanders,* 421 F.3d 1044, 1051 (9th Cir.2005) (holding that defendant "cannot show that there is a reasonable probability that the jury would have reached a different result if given his proffered instruction"); *United States v. Halbert,* 640 F.2d 1000, 1008 (9th Cir.1981) (holding that there was no error, despite failure to charge on materiality in a mail fraud case, because "materiality of the misrepresentations was clearly established by the evidence"). Accordingly, the conviction is

**AFFIRMED.**